IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BARRY GAINES, §<br>    #19045055, §<br>        PLAINTIFF, §<br> §<br>v. §<br> §<br>MARIAN BROWN, SHERIFF, ET AL., §<br>        DEFENDANTS. § | <br><br><br><br>CIVIL CASE NO. 3:20-CV-129-N-BK<br><br><br> |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. The Court granted *pro se* Plaintiff Barry Gaines' motion to proceed *in forma pauperis* but did not issue process pending judicial screening. Doc. 10. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE** for failure to state a claim.

I.  **BACKGROUND**

On March 24, 2020, Gaines, a pretrial detainee at the Dallas County Jail, filed his amended complaint under 42 U.S.C. § 1983 against Dallas County Sheriff Marian Brown and "Parkland Hospital Medical Staff at the Dallas County Jail." Doc. 7 at 3. He asserts the Defendants have been deliberately indifferent to his debilitating medical condition, for which he requires "bilateral hip surgery and neck and back spinal fusion surgery." Doc. 7 at 4. Gaines also contends that he was "illegally arrested for a felony DWI on June 3, 2019," when … [he] was suffering from health issues resulting from [his] medical disability . . . ." Doc. 7 at 4.

Gaines seeks relief "for pain and suffering and neglect," false arrest ("illegal detainment"), and "personal loss & injury." Doc. 7 at 4.

In his *Answers to Magistrate Judge's Questionnaire*, Gaines sues Brown only "as the sheriff of Dallas County" and makes vague reference to "training procedures," which he suggests were not followed during his arrest. Doc. 12 at 2-3. He also alleges that the police officers' negligence during his arrest adversely affected his medical condition, resulting in further injury. Doc. 12 at 2-3. In addition, Gaines asserts that he suffers from degenerative disc disease and that prior to his incarceration, he was scheduled for surgery. Doc. 12 at 6.

Gaines avers that he has been confined to a wheelchair since suffering various falls at the Dallas County Jail in October 2019. Doc. 12 at 6. He claims that he can no longer walk and needs help with his personal hygiene (bathing, dressing, and toileting), and that the pain medicine he receives does not work. Doc. 12 at 6-7. Gaines alleges that, as a result, he is in constant, "excruciating pain" and prone to more falls and accidents. Doc. 12 at 6. He contends that, although he has had several x-rays, the jail doctors and other medical staff have repeatedly refused to approve the surgery he needs or at least transfer him to the infirmary for care. Doc. 12 at 6, 12. Gaines seeks monetary damages and the firing of jail medical staff for negligence and medical malpractice. Doc. 12 at 10, 12.

Having now reviewed all the pleadings, the Court concludes that Gaines' amended complaint lacks facial plausibility and is thus frivolous. Therefore, it should be dismissed for failure to state a claim.

## II. ANALYSIS

Because Gaines is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). These statutes provide for *sua*

*sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Gaines' complaint, as supplemented by his *Answers to the Magistrate Judge's Questionnaire*, fails to state a claim upon which relief can be granted.

### A. False Arrest Claim Fails as a Matter of Law

Gaines maintains that he was wrongfully arrested and imprisoned. Doc. 7 at 4. However, according to the online docket sheet in Dallas County case number F1955295, Gaines appeared before a magistrate shortly after his June 4, 2019 arrest and, as Gaines concedes, he was later indicted for Driving While Intoxicated, Third or More.[1] Because these ensuing events broke the chain of causation for any false arrest, Gaines' claim is foreclosed and should be dismissed. *See Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010) (finding

---

[1] The online docket sheet is available on the Dallas County website at https://obpublicaccess.dallascounty.org/PublicAccessEP1/CriminalCourts/ (last accessed May 17, 2021).

that a court appearance or grand jury indictment breaks the chain of causation for an allegedly false arrest, "insulating the initiating party").

### B. No Supervisory Liability Against Sheriff Brown

Sheriff Brown cannot be held liable under a theory of vicarious liability or *respondeat superior*. See *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding supervisory government employees are only liable for their own misconduct, and the theory of *respondeat superior* does not provide a basis for liability in a § 1983 action). In his *Answers to Magistrate Judge's Questionnaire*, as previously noted, Gaines asserts a claim against Brown only "as the Sheriff of Dallas County." Doc. 12 at 2. He contends she is "directly responsible for the training and disciplining of the police officers" who arrested him. Doc. 12 at 2. Gaines' responses are in reply to the Court's directed inquiry regarding the bases for Gaines' claims against Sheriff Brown. Doc. 12 at 2. Still, Gaines proffers no facts that implicate Brown's own conduct and he focuses instead on that of the arresting officers who he alleges were "out of line and negligent in how" they treated him during the arrest. Doc. 12 at 2-3. For this reason, Gaines has failed to state a viable claim against Sheriff Brown.

### C. Claims Against Parkland Hospital Medical Staff

Gaines names as Defendant "Parkland County Medical Staff at the Dallas County Jail." Doc. 7 at 3. In response to the *Magistrate Judge's Questionnaire*, which requested specific information regarding the individuals who allegedly deprived him of his constitutional rights, Gaines provided almost none, alleging general failures to provide him needed treatment and averring, "I want the entire Staff including doctors fired and replaced for malpractice and for refusing to render urgent medical assistance . . . ." Doc. 12 at 11-12. Thus, he fails to state a claim against any individual actor based on his/her/their alleged actions or omissions.

Moreover, to the extent Gaines seeks to sue the "Parkland County Medical Staff at the Dallas County Jail" as an entity, he may not. A servient political agency or department cannot be sued unless it enjoys a separate and distinct legal existence. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) ("[U]nless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself."). Thus, "Parkland County Medical Staff at the Dallas County Jail" is not subject to suit under § 1983, and Gaines' allegations against it fail to state a claim upon which relief may be granted.

Liberally construing Gaines' complaint to instead assert claims against Parkland Hospital,[2] his claims nevertheless fail because Parkland Hospital is not subject to suit under a theory of vicarious liability.[3] *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978) ( "local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents"). It is well established that a local government entity does not automatically incur § 1983 liability for injuries caused solely by its employees and, therefore, cannot be held liable on a *respondeat superior* theory. *Id.* at 691, 694; *Johnson v. Deep East Tex. Reg'l Narc.*, 379 F.3d 293, 308 (5th Cir. 2004). Rather such entities may be held liable only upon a showing that an official policy or custom caused the alleged constitutional deprivation. *See Monell*, 436 U.S. at 694-95.

---

[2] *See Beamon v. Parkland Hosp.*, No. 3:08-CV-0693-D, 2008 WL 4061417, at *2 n.1 (N.D. Tex. Aug. 20, 2008) (noting the Dallas County Hospital District, doing business as Parkland Health and Hospital System, is a political subdivision of the State of Texas); TEX. HEALTH & SAFETY CODE ANN. § 281.001, *et seq.* (West 2015).

[3] The same is true if the complaint were liberally construed to name Dallas County as Defendant.

Further, in his *Answers to the Magistrate Judge's Questionnaire*, Gaines fails to identify any policy or custom that resulted in the deprivation of his constitutional rights, despite specifically being asked to provide such. Doc. 12 at 9. Indeed, Gaines concedes that he "cannot say if it is a custom or policy of Parkland Hospital [that caused his constitutional injury]," instead arguing that "its jail staff are highly insufficient and negligent in their treatment of patients in this jail." Doc. 12 at 9. Gaines avers that it is "an unwritten policy the jail staff will not do hands on examinations or prescribe much needed proper medications . . . and they will not allow patients to go to hospital unless you are bleeding profusely or . . . they cannot offer urgent care for … a compound fracture." Doc. 12 at 9-10. This is insufficient to allege a policy or custom. Also, his references to injuries he allegedly suffered when the medical staff did not reply to his grievances, *see* Doc. 12 at 6-9, 11-12, are also not enough to support his claims.

Moreover, to plausibly plead a practice "so persistent and widespread as to practically have the force of law, [a plaintiff] must do more than describe the incident that gave rise to his injury." *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) (quotation and citations omitted). A pattern requires similarity and specificity, as well as "sufficiently numerous prior incidents" as opposed to "isolated instances." *Peterson v. City of Fort Worth*, 588 F.3d 838, 851 (5th Cir. 2009) (citation omitted). Here, Gaines' complaints (summarized *supra*) are not the persistent, often repeated, constant violations that constitute custom and policy as required for municipal liability under § 1983. *Piotrowski v. City of Houston*, 237 F.3d 567, 581 (5th Cir. 2001) ("Isolated violations are not the persistent, often repeated, constant violations, that constitute custom and policy as required for municipal section 1983 liability." (quoting *Bennett v. City of Slidell,* 728 F.2d 762, 768 n. 3 (5th Cir. 1984))).

In sum, even after being given the opportunity through the *Magistrate Judge's Questionnaire* to do so, Gaines alleges no plausible facts that would support an inference that Parkland Hospital or any other governmental entity subject to suit under § 1983 acted pursuant to a policy or custom that resulted in the deprivation of his constitutional rights.  Thus, Gaines has failed to state a claim against "Parkland County Medical Staff at the Dallas County Jail," Parkland Hospital, or other suable entity.

### III. LEAVE TO AMEND

Generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).  However, the Court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.*  As outlined here, Gaines' claims are fatally infirm.  Additionally, the Court has already given Gaines the opportunity to respond to a very pointed inquiry focused on supplementing the factual bases for his *pro se* complaint.  Still, by his *Answers to the Magistrate Judge's Questionnaire*, he has failed to cure the deficiencies in his amended complaint.  Thus, the Court can only conclude that he has already pled his best case.  Under these circumstances, granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITH PREJUDICE** for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[4]

**SO RECOMMENDED** on May 18, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[4] 28 U.S.C. § 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."